```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

NICHOLAS MORANA, et al.,

    Plaintiffs,

v.                               CASE NO. 8:09-CV-347-T-17EAJ

HERNANDO COUNTY, et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on:

    Dkt. 12    Motion to Remand
    Dkt. 18    Response

The Complaint in this case includes the following claims:

    Count I    Temporary and Permanent Prohibitory Injunction
    Count II   Mandatory Injunction
    Count III Accounting
    Count IV  Breach of Fiduciary Duty
    Count V    Certification of Class
    Count VI  Demand for Attorney's Fees

This case was removed from the Hernando County Circuit Court under 28 U.S.C. Sec. 1332, 28 U.S.C. Sec. 1391, 28 U.S.C. Sec. 1446 and 28 U.S.C. Sec. 1453. In the Joint Notice of Removal, Defendants allege that the amount in controversy is $5,800,000.

Plaintiffs have moved to remand the case to the Hernando County Circuit Court.

Case No. 8:09-CV-347-T-17AEP

Defendants oppose the Motion to Remand.

I. Standard of Review

On a motion to remand an action removed under CAFA, Defendants bear the burden of establishing the presence of subject matter jurisdiction. Miedema v. Maytag Corp., 450 F.3d 1322 (11th Cir. 2006). Removal statutes are to be strictly construed, and any doubt as to the presence of jurisdiction should be resolved in favor of remand. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

II. Plaintiffs' Motion

Plaintiffs argue that: 1) the Class Action Fairness Act of 2005 does not apply; 2) this case was improvidently removed and Plaintiffs are entitled to attorney's fees and costs; 3) the amount in controversy does not exceed the $5,000,000 jurisdictional threshold and 4) the local action exception would apply if jurisdiction were otherwise met.

III. Defendants' Response

Defendants respond that: 1) the Class Action Fairness Act of 2005 does apply; 2) Defendants have established jurisdiction over this action; Defendants have established the jurisdictional threshold of $5,000,000; and 4) Plaintiffs have not met their burden of establishing that the local action exception applies.

Case No. 8:09-CV-347-T-17AEP

A.  Class Action Fairness Act of 2005

The Class Action Fairness Act of 2005 ("CAFA") applies to any action commenced on or after CAFA's effective date, February 18, 2005.  Commencement of an action under CAFA is determined by state law.  <u>Timesys, Inc. v. Eufala Drugs, Inc.</u>, 462 F.3d 1317, 1319 (11th Cir. 2006).

Plaintiffs argue that this case commenced when it was initially filed on February 13, 2004, prior to the effective date of CAFA.  Defendants argue that this case commenced when the Circuit Court Appellate Panel remanded the case and transferred the Complaint from Hernando County Court to Hernando County Circuit Court, and Plaintiffs paid the filing fee on January 26, 2009.  Defendants argue that a case can only be commenced in a court which exercises subject matter jurisdiction over the case.

Rule 1.050, When Action Commenced, Florida Rules of Civil Procedure states:

> Every action of a civil nature shall be deemed commenced when the complaint or petition is filed except that ancillary proceedings shall be deemed commenced when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed.

Under Florida law, filing in an inappropriate court is not a fatal error; it merely triggers transfer to the appropriate court.  <u>Johnson v. Citizens State Bank</u>, 537 So.2d 96 (Fla. 1989).  Further, payment of the filing fee is not a jurisdictional prerequisite.  <u>Outboard Marine Domestic Intern. Sales Corp. v.</u>

3

Case No. 8:09-CV-347-T-17AEP

Florida Stevedoring Corp., 483 So.2d 823 (Fla. 3rd DCA 1986). The Court notes that, in determining when an action commences under state law, other courts have looked to a state's procedural rules.  See, for example, Progressive West Ins. Co. v. Preciado, 479 F.3d 1014 (9th Cir. 2007)(citing Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005).

After consideration, the Court finds that this case was commenced in state court on February 13, 2004, prior to the effective date of CAFA.  The Court will therefore remand this case.  It is not necessary that the Court resolve the other issues raised in the Motion to Remand.

Absent unusual circumstances, the Court may award attorney's fees and costs only where the removing party lacks an objectively reasonably basis for removal.  Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).  After consideration, the Court denies Plaintiffs' request for the award of attorney's fees and costs. While the Court has concluded that Defendants' analysis was wrong, the Court does not find that Defendants' analysis lacks an objectively reasonable basis.  Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Remand is **granted**, and this case is **remanded** to the Hernando County Circuit Court, Fifth Judicial Circuit of Florida.  The Clerk of Court shall terminate all pending motions, and, upon remand, shall close this case.

4

Case No. 8:09-CV-347-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 7th day of October, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record